OPINION OF THE COURT

Per Curiam.

Final judgment entered July 7, 1982, affirmed, with $25 costs.
In holdover summary proceedings brought by a co-operative corporation, possession was properly awarded in petitioner’s favor. As correctly determined by Judge Glen in the context of denying tenant’s pretrial dismissal motion, the tendered defense of rent stabilization is patently without merit. The apartment building at issue, built in 1956, was co-operated pursuant to a plan circulated in June, 1960; the co-operative took title in February, 1961. Tenant leased one of the unpurchased apartments in October, 1966, and her most recent lease expired October 31, 1979. The Rent Stabilization Law of 1969 (enacted years after *1021 this building had been converted) applies only to multiple dwellings “not owned as a cooperative or as a condominium” (Administrative Code of City of New York, § YY513.0, par a; see, also, Minton v Domb, 63 AD2d 36). Tenant’s claim that the building is not truly a co-operative because there had not been compliance with section 352-e (subd 1, par [a]) of the General Business Law is not well taken. That statute, effective January 1, 1961, requiring filing of the offering statement with the Attorney-General, is not to be given retroactive effect to an offering plan circulated a full half year before the requirement of filing existed (see Matter of Parkchester Apts. Co. v Lefkowitz, 51 AD2d 277, 281). When the offering was made, no such filing was required. Finally, it is questionable whether this tenant, who was not in residence at the time of conversion, has standing to belatedly attack the validity of a co-operative offering effected 20 years before this litigation.
Hughes, P. J., Riccobono and Sullivan, JJ., concur.